IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DR. ERIK NATKIN, DO PC**, a Utah corporation; and **DR. ERIK NATKIN, DO**, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>**AMERICAN OSTEOPATHIC ASSOCIATION**, *et al.*,<br><br>    Defendants. | Case No. 3:16-cv-1494-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation in this case on March 23, 2017. ECF 102. Judge Beckerman recommended that Plaintiff's motion to remand, which Judge Beckerman refers to as "retransfer," this case back to the United States District Court for the Central District of California be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiffs timely filed an objection (ECF 106), to which Defendants responded (ECF 107-110). Plaintiffs' primary objection is that Judge Beckerman improperly evaluated whether the Court has personal jurisdiction over three of the defendants in this case. Plaintiffs argue that the Central District of California erroneously concluded that this Court has personal jurisdiction over three of the defendants and thus this case originally might have been brought in this Court. Plaintiffs contend that because that decision by the Central District of California was erroneous, the transfer was void and this Court does not have subject matter jurisdiction to evaluate whether it has personal jurisdiction over the three disputed defendants. Plaintiffs' argument appears to be that because they contend the Central District of California's decision was erroneous, this Court must retransfer the case without any further evaluation. This argument is rejected.

Plaintiffs argue that the transfer of venue was improperly granted, specifically because of lack of personal jurisdiction over the three disputed defendants. Judge Beckerman therefore had to consider whether the conclusion of the Central District of California that this Court was a court in which this case originally might have been brought was "clearly wrong." This analysis necessary entails considering whether this Court has personal jurisdiction over the three disputed defendants. It would be nonsensical if this Court could not consider whether it had personal jurisdiction over the defendants. To hold as Plaintiffs suggest would mean that a plaintiff could obtain a retransfer simply by declaring that the transferor court was wrong in determining personal jurisdiction. The fact that Judge Beckerman's analysis and conclusions regarding personal jurisdiction were based on different reasons than the Central District of California does

not change the end result—this Court has personal jurisdiction over the three disputed defendants.

Plaintiffs raise other objections, which are overruled. Plaintiffs argue that a transfer of venue cannot be based on specific jurisdiction but must be based on general jurisdiction. This argument was raised for the first time in Plaintiffs' objections to Judge Beckerman's Findings and Recommendations and the Court exercises its discretion not to consider the argument. *See* 28 U.S.C. § 636(b)(1) (permitting the court to "receive further evidence" at its discretion); *see also United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the Circuit split on whether a district court must or may consider new evidence when reviewing de novo a magistrate judge's findings and recommendation, and concluding that a district "has discretion, but is not required" to consider new evidence). Even if the Court were to consider it, it would be rejected on the merits. The requirement is that the transferee court be one in which a case might have originally been brought (*see* 28 U.S.C. § 1404(a)), and a case can originally be brought with specific jurisdiction. *See* ECF 107 at 5 n.1 (citing numerous cases transferring venue based on specific jurisdiction).

Plaintiffs also argue that there is no pendent jurisdiction in Oregon, but the Ninth Circuit held in 2004 that "we join our sister circuits and adopt the doctrine of pendent personal jurisdiction." *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F3d 1174, 1181 (9th Cir 2004). Plaintiffs further object to Judge Beckerman's failure to retransfer based on Plaintiffs' argument that the Central District of California improperly weighed the factors for transferring venue. The Court agrees with Judge Beckerman's conclusion on this point.

The Court has reviewed *de novo* those portions of Judge Beckerman's Findings and Recommendation to which Plaintiffs have objected, as well as Plaintiffs' objections and

Defendants' responses. The Court agrees with Judge Beckerman's reasoning and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Beckerman's Findings and Recommendation, ECF 102. Plaintiffs' motion to retransfer this case back to the United States District Court for the Central District of California (ECF 81) is DENIED.

**IT IS SO ORDERED.**

DATED this 8th day of May, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge