Clark E. Rasche (OSB No. 114960)
crasche@wlrlaw.com
Watkinson Laird Rubenstein, PC
101 E Broadway, Suite 200
P.O. Box 10567
Eugene, Oregon 97440
Tel:    (541) 484-2277
Fax:    (541) 484-2282

Benjamin Natkin (Cal. Bar No. 205040)
benjamin@natkinlaw.com
Law Offices of Benjamin Natkin
3520 Overland Avenue, Suite A1
Los Angeles, California 90034
Tel/Fax: (310) 836-8780

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **DR. ERIK NATKIN, DO PC**, a Utah corporation; and **DR. ERIK NATKIN, DO**, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>**AMERICAN OSTEOPATHIC ASSOCIATION**, an Illinois corporation; **OSTEOPATHIC POSTDOCTORAL TRAINING INSTITUTE, OPTI-WEST EDUCATIONAL CONSORTIUM**, a California corporation; **WESTERN UNIVERSITY OF HEALTH SCIENCES**, a California corporation; **SAMARITAN HEALTH SERVICES, INC.**, an Oregon corporation; **GOOD SAMARITAN HOSPITAL CORVALLIS**, an Oregon corporation; **ALBANY GENERAL HOSPITAL**, an Oregon corporation; **MID-VALLEY HEALTHCARE, INC.**, an Oregon corporation; **SAMARITAN PACIFIC HEALTH SERVICES, INC.**, an Oregon corporation; **SAMARITAN NORTH LINCOLN HOSPITAL**, an Oregon corporation; and **DR. LUIS R. VELA, DO**, an individual,<br><br>Defendants. | Case No.: 3:16-cv-01494-SB<br><br>**PLAINTIFFS DR. ERIK NATKIN, DO PC, AND DR. ERIK NATKIN, DO'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION ON PLAINTIFFS' REQUEST FOR CERTIFICATION FOR INTERLOCUTORY APPEAL OF ORDER ON PLAINTIFFS' MOTION FOR REMAND**<br><br>**REQUEST FOR ORAL ARGUMENT** |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

STANDARDS ........................................................................................................................... 3

    I.   Findings and Recommedation of a Magistrate Judge ................................................ 3
    II.  Request for Certification for Interlocutory Appeal .................................................. 3
        A.  Controlling Question of Law ............................................................................. 4
        B.  Substantial Ground for Difference of Opinion ................................................. 4
        C.  Materially Advance Ultimate Termination of the Litigation ........................... 4

DISCUSSION ........................................................................................................................... 5

    I.   If the Statutory Criteria Are Met, Certification Is Mandatory, Not Discretionary ............. 5
    II.  Whether a Case Is "Exceptional," Warranting Acceptance of an Interlocutory Appeal, Is Within the Sole Discretion of the Court of Appeals; The District Court's Role Is Limited to Determining Whether the Three Statutory Criteria Have Been Met.  Regardless, a Quarter Billion Dollar Antitrust Case Involving 200 Additional, Supplemental State Law Claims and Counts Arising Under the Laws of 13 Different ............... 6
    II.  States and Injunctive Relief Affecting Osteopathic Medical Education Nationwide Where the District Court May Lack Subject-Matter Jurisdiction Due to an Invalid Transfer Order Is Clearly "Exceptional" ........................................................................ 7
    III. The Court's Order Denying Plaintiffs' Motion for Remand Meets the Statutory Criteria for Certification of the Order for Interlocutory Appeal ................................................ 8
        A.  Each of the Two Questions, Primary and Secondary, Identified by Plaintiffs Meet the Statutory Criteria for Certification of the Order for Interlocutory Appeal Regardless of Whether the Issue Proposed by Samaritan Defendants Is a Mixed Question of Law and Fact and Regardless of How the Issue Proposed by Samaritan Defendants Is Resolved on Appeal, if It Is Even Reached ................................................................ 8
        B.  Samaritan Defendants' Tertiary Issue Is One of Law, Not a Mixed Question of Law and Fact Because No Evidentiary Hearing Has Been Held on the Issue; It Was Decided Solely Upon the Written Materials Submitted.  The Tertiary Issue Itself Involves Discrete Questions of Controlling Law Unrelated to Any Factual Dispute. 12
    IV. A Substantial Ground for Difference of Opinion Is Established by the Identification of a Sufficient Number of Conflicting and Contradictory Opinions, Statutes, or Rules; a District Court's Decision on a Motion Necessarily Choosing One Argument and Its Authorites Over Another Does Not Automatically Render the Conflicting and Contradictory Opinions, Statutes, or Rules Neither Conflicting Nor Contradictory ........ 17

CONCLUSION ......................................................................................................................... 25

## TABLE OF AUTHORITIES

### Cases

*Abarca v. Merck & Co., Inc.,*
2012 WL 137749 (C.D. Cal. Jan. 17, 2012) ............................................................... 3, 11, 19

*Acceleron, LLC v. Egenera, Inc.,*
634 F. Supp. 2d 758 (E.D. Tex. 2009) ............................................................... 23

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.,*
368 F.3d 1174 (9th Cir. 2004) ............................................................... 16, 17

*Aenestad v. Beech Aircraft Corp.,*
521 F.2d 1298 (9th Cir. 1974) ............................................................... 17

*American Fire & Casualty Co. v. Finn,*
341 U.S. 6 (1951) ............................................................... 2, 20

*American Oil Co. v. McMullin,*
433 F.2d 1091 (10th Cir. 1970) ............................................................... 19

*Asevedo v. NBCUniversal Media, LLC,*
921 F. Supp. 2d 573 (E.D. La. 2013) ............................................................... 23

*Bashir v. United States Attorney Gen.,*
508 F. Supp. 1108 (E.D. Va. 1981) ............................................................... 23

*Christianson v. Colt Indus. Operating Corp.,*
486 U.S. 800 (1988) ............................................................... 21

*Chrysler Credit Corp. v. County Chrysler, Inc.,*
928 F.2d 1509 (10th Cir. 1991) ............................................................... 21

*Collier v. Vallejo Police Dep't,*
2014 U.S. Dist. LEXIS 17350 (E.D. Cal. Feb. 10, 2014) ............................................................... 21

*Coopers & Lybrand v. Livesy,*
437 U.S. 463 (1978) ............................................................... 7

*Couch v. Telescope Inc.,*
611 F.3d 629 (9th Cir. 2010) ............................................................... 4, 18

*Daimler AG v. Bauman,*
134 S. Ct. 746 (2014) ............................................................... 2, 10

*Data Disc, Inc. v. Systems Technology Assocs., Inc.,*
557 F.2d 1280 (9th Cir. 1977) ............................................................... 12, 15

*Davis v. Costa-Gravas,*
595 F. Supp. 982 (S.D.N.Y. 1984) ............................................................... 21

*Deepwater Exploration Co. v. Andrew Weir Ins. Co., Ltd.,*
167 F. Supp. 185 (E.D. La. 1958) ............................................................... 13

*Dewan v. M-I, LLC,*
2015 U.S. Dist. LEXIS 79430, 2015 WL 3797462 (E.D. Cal. June 18, 2015) ............................................................... 21

*Eastman Medical Products v. E.R. Squibb & Sons,*
  199 F. Supp. 2d 590 (N.D. Tex. 2002) ..................................................................... 24

*Edwardsville Nat'l Bank and Trust Co. v. Marion Labs., Inc.,*
  808 F.2d 648 (7th Cir. 1987) .................................................................................... 21

*Ferri v. United Aircraft Corp.,*
  357 F. Supp. 814 (D. Conn. 1973) ..................................................................... 20, 23

*Flynt Distributing Co. v. Harvey,*
  734 F.2d 1389 (9th Cir. 1984) .................................................................................. 15

*Frazier v. Commercial Credit Equip. Corp.,*
  755 F. Supp. 163 (S.D. Miss 1991) .......................................................................... 24

*Funnelcap, Inc. v. Orion Industries, Inc.,*
  392 F. Supp. 938 (D. Del. 1975) .............................................................................. 22

*Gallery Homes, Inc. v. Yi,*
  587 F. Supp. 1036 (N.D. Ill. 1984) .......................................................................... 24

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
  131 S. Ct. 2846 (2011) ............................................................................................. 12

*Hall v. Alternative Loan Trust,*
  2013 U.S. Dist. LEXIS 157172, 2013 WL 5934322 (E.D. Cal. Oct. 31, 2013) ............................. 21

*Hart v. Massanari,*
  266 F.3d 1155 (9th Cir. 2001) .................................................................................. 18

*Hatch v. Reliance Ins. Co.,*
  758 F.2d 409 (9th Cir. 1985) ..................................................................... 2, 9, 13, 20

*Hayman Cash Register Co. v. Sarokin,*
  669 F.2d 163 (3d Cir. 1982) ......................................................................... 9, 20, 21

*Hoffman v. Blaski,*
  363 U.S. 335 (1960) ............................................................................................ *passim*

*Illinois Union Ins. Co. v. Tri Core Inc.,*
  191 F. Supp. 2d 794, (N.D. Tex. 2002) ............................................................... 22, 24

*In re Cement Antitrust Litig. (MDL No. 296),*
  673 F.2d 1020 (9th Cir. 1982),
  *aff'd* 459 U.S. 1190 (1983) ............................................................................... *passim*

*In re Cragar Indus., Inc.,*
  706 F.2d 503 (5th Cir. 1983) .................................................................................... 21

*In re Exterior Siding and Aluminum Coil Antitrust Litig. (MDL No. 454),*
  696 F.2d 613 (8th Cir. 1982) .................................................................................... 21

*In re Korean Air Lines Disaster of Sept. 1, 1983,*
  829 F.2d 1171 (D.C. Cir. 1983) ................................................................................ 21

*iProjects, LLC v. Surespan Wind Energy Servs., Ltd.,*
  Case No. 3:16-cv-1830-SI, ECF No. 26 (D. Or. May 19, 2017) .................................. 13, 15

*Jones v. Blanas,*
    393 F.3d 918 (9th Cir. 2004) ......................................................................... 25

*Kotsonis v. Superior Motor Exp.,*
    539 F. Supp. 642 (M.D.N.C. 1982) ............................................................... 19

*KVOS, Inc. v. Associated Press,*
    299 U.S. 269 (1936) ...................................................................................... 15

*Lemelson v. Ampex Corp.,*
    372 F. Supp. 708 (N.D. Ill. 1974) ................................................................. 24

*Leyden v. Excello Corp.,*
    188 F. Supp. 396 (D.N.J. 1960) ..................................................................... 22

*Lillbask ex rel. Mauclaire v. Sergi,*
    193 F. Supp. 2d 503 (D. Conn. 2002) ........................................................... 21

*Lopez v. Davis,*
    531 U.S. 230 (2001) ......................................................................................... 6

*Lugus IP LLC v. Volvo Car Corp.,*
    2012 U.S. Dist. LEXIS 67999, 2012 WL 1715983 (E.D. Va. May 5, 2012) ...... 23

*Matsunoki Grp., Inc. v. Timberwork Oregon, Inc.,*
    2011 WL 940218 (N.D. Cal. Feb. 18, 2011) ................................................... 7

*Mizell v. Prism Computer Corp.,*
    27 F. Supp. 2d 708 (S.D. Miss. 1998) ........................................................... 24

*Morris v. Peterson,*
    759 F.2d 809 (10th Cir. 1985) ....................................................................... 23

*Murray v. Sevier,*
    993 F. Supp. 1394 (M.D. Ala. 1997) ............................................................. 22

*National Union Fire Ins. v. Frasch,*
    751 F. Supp. 1075 (S.D.N.Y. 1990) ............................................................... 23

*National Union Fire Ins. v. Landry,*
    677 F. Supp. 704 (S.D.N.Y. 1987) ................................................................. 23

*National Union Fire Ins. v. Turter,*
    743 F. Supp. 260 (S.D.N.Y. 1990) ................................................................. 23

*North Pacific SS Co. v. Gaurisco,*
    293 Or. 341, 647 P.2d 920 (1982) ................................................................. 16

*Ott v. Mortgage Investors Corp.,*
    2015 U.S. Dist. LEXIS 48779, 2015 WL 1648702 (D. Or. Apr. 15, 2015) ............ *passim*

*Ott v. Mortgage Investors Corp.,*
    65 F. Supp. 3d 1045 (D. Ore. 2014) .............................................................. 15

*Overton v. Torruella,*
    183 F. Supp. 2d 295 (D. Mass. 2001) ........................................................... 21

*Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.,*
 757 F.2d 1059 (9th Cir. 1985) ............................................................................ 15

*Pacific Coast Marine Windshields v. Malibu Boats,*
 2011 U.S. Dist. Lexis 139353, 2011 WL 6046308 (E.D. Cal. Dec. 5, 2011) ................21, 22, 23, 24

*Parker-Hannifin Corp. v. Samuel Moore & Co.,*
 436 F. Supp. 498 (N.D. Ohio 1977) ..................................................................... 24

*Penntube Plastics Co. v. Flourotex, Inc.,*
 336 F. Supp. 698 (D.S.C. 1971) ........................................................................... 23

*Pierce v. Atlas Powder Co.,*
 430 F. Supp. 79 (D. Del. 1977) ............................................................................ 22

*Porter v. Groat,*
 713 F. Supp. 893 (M.D.N.C. 1989) ..................................................................... 23

*Reddy v. Medquist, Inc.,*
 467 Fed. Appx. 647 (9th Cir. 2012) ...................................................................... 9

*Reese v. BP Exploration (Alaska) Inc.,*
 643 F.3d 681 (9th Cir. 2011) ................................................................................. 4

*Relf v. Gasch,*
 511 F.2d 804 (D.C. Cir. 1975) ............................................................................. 23

*Ryan, Beck & Co., LLC v. Fakih,*
 275 F. Supp. 2d 393 (E.D.N.Y. 2003) ................................................................. 19

*Searcy v. Knostman,*
 155 B.R. 699 (S.D. Miss. 1993) ........................................................................... 24

*Shapiro v. Bonanza Hotel Co.,*
 185 F.2d 777 (9th Cir. 1950) ................................................................ 2, 10, 17, 23

*Shute v. Carnival Cruise Lines, Inc.,*
 804 F. Supp. 1525 (S.D. Fla. 1992) ..................................................................... 22

*Shutte v. Armco Steel Corp.,*
 431 F.2d 22 (3d Cir. 1970),
 *cert. denied* 401 U.S. 910 (1971) ................................................................... 22, 23

*Skil Corp. v. Miller Falls Co.,*
 541 F.2d 554 (6th Cir. 1976) ............................................................................... 23

*Steering Committee v. United States,*
 6 F.3d 572 (9th Cir. 1993) ................................................................................. 3, 11

*Subacz v. Town Tower Motel Corp.,*
 567 F. Supp. 1308, (N.D. Ind. 1983) ................................................................... 19

*U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.,*
 2016 U.S. Dist. LEXIS 129876 (S.D.N.Y. Sept. 20, 2016) ................................. 21

*United States ex rel. Siegel v. Thoman,*
 156 U.S. 353 (1895) ............................................................................................... 6

*United States Rubber Co. v. Wright,*
    359 F.2d 784 (9th Cir. 1966) ........................................................................... 7, 8

*United States v. Cole,*
    51 F.3d 178 (9th Cir. 1995) ................................................................................. 10

*United States v. Howell,*
    231 F.3d 615 (9th Cir. 2000) ............................................................................... 24

*United States v. International Business Machines Corp.,*
    517 U.S. 843, (1996) ............................................................................................ 18

*United States v. Woodbury,*
    263 F.2d 784 (9th Cir. 1959) ........................................................................ 4, 8, 13

*Varsic v. United States Dist. Court for the Cent. Dist. of California,*
    607 F.2d 245 (9th Cir. 1979) ............................................................................... 14

*Wilson v. Turnage,*
    755 F.2d 967 (D.C. Cir. 1985) ............................................................................ 21

*Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.,*
    355 F. Supp. 2d 848 (N.D. Tex. 2005) ............................................................... 24

*Wren v. Carlson,*
    506 F.2d 131 (D.C. Cir. 1974) ............................................................................ 23

*Zest IP Holdings, LLC v. Implant Direct. Mfg., LLC,*
    2015 WL 128042 (S.D. Cal. Jan 8, 2015) .......................................................... 19

*Zimmer Enters., Inc. v. Atlandia Imports, Inc.,*
    478 F. Supp. 2d 983 (S.D. Ohio 2007) ............................................................... 24

**Statutes**

15 U.S.C. § 15(a) ....................................................................................................... 8

28 U.S.C. § 636(b)(1)(C) ...................................................................................... 3, 24

28 U.S.C. § 1292(b) ......................................................................................... *passim*

28 U.S.C. § 1404(a) ...................................................................................... 1, 13, 23

**Rules**

Federal Rule of Civil Procedure 11 ......................................................................... 25

Federal Rule of Civil Procedure 12(b)(2) ................................................... 13, 14, 15

Federal Rule of Civil Procedure 12(b)(6) ..................................................... 8, 12, 15

Federal Rule of Civil Procedure 72(b) .................................................................. 3, 24

Federal Rules of Evidence ........................................................................................ 24

Oregon Rule of Civil Procedure 4 ........................................................................... 16

Oregon Rule of Civil Procedure 4 N ....................................................................... 16

## INTRODUCTION

This action involves an antitrust claim, an additional 200 supplemental state law claims and counts arising under the laws of 13 different States, including 89 separate defamation claims, and seeks over two hundred fifty million dollars ($250,000,000) in damages and an injunction that will affect osteopathic medical education across the United States.  Dkt. 21.  After 21 months, this action is still in the pleading stage, with what may only be a first round of motions attacking Plaintiffs' First Amended Complaint not yet finished, with a series of comprehensive discovery motions almost certain to come, and the parties have likely, collectively, already spent over one million dollars ($1,000,000) in attorneys fees.

There is a valid question as to whether this Court has subject-matter jurisdiction over this action because this action was transferred to this Court from the Central District of California based on two of three non-Oregon-based defendants having "conceded" personal jurisdiction and venue in this Court, Dkt. 58, p. 7, in violation of the clear proscription in *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) against transfers based on a defendant's waiver of the defenses of lack of personal jurisdiction or improper venue.

Although this Court has determined the Central District of California court was not "clearly wrong" in finding this Court is one where the action "might have been brought," 28 U.S.C. § 1404(a), because this Court found the Central District of California court could have alternatively found the three non-Oregon-based defendants were subject to specific personal jurisdiction in Oregon, Dkt. 102, 111, there are nevertheless valid "question[s] of controlling law as to which there is substantial ground for difference of opinion and [] an immediate appeal may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

Specifically, because *Hoffman v. Blaski* holds that a transfer based on a defendant's waiver of objections to personal jurisdiction or venue is invalid and deprives the transferee court of

subject-matter jurisdiction, 363 U.S. at 343–44, it is a valid question of controlling law whether, by engaging in a determination as to what the Central District of California court could have alternatively found, this Court either conferred subject-matter jurisdiction upon itself in violation of the proscription in *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18 (1951), or, because the Central District of California court decided the issues of personal jurisdiction and venue, under controlling Ninth Circuit precedent this Court was prohibited by the law-of-the-case doctrine from reconsidering these issues.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 413 (9th Cir. 1985).  Additionally, it is a valid question of controlling law whether transfer may be based on specific personal jurisdiction when controlling Ninth Circuit precedent requires transfer be based on an out-of-state defendant "doing business" in the transferee forum.  *Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777 (9th Cir. 1950) (cited in *Hoffman v. Blaski*, 363 U.S. at 339–40, n. 8)).  There is no dispute the three non-Oregon-based defendants are *not* "doing business" in Oregon as none is incorporated or headquartered there.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014).

Magistrate Judge Stacie F. Beckerman's July 27, 2017 Findings and Recommendation (Recommendation), Dkt. 118, on Plaintiffs Dr. Erik Natkin, DO PC, and Dr. Erik Natkin, DO's (Plaintiffs), Request for Certification for Interlocutory Appeal of Order on Plaintiffs' Motion for Remand (Request), Dkt. 114, recommends denying Plaintiffs' Request without addressing, or even acknowledging the existence of, either of these questions, focusing instead entirely on a red-herring issue proposed by the Oregon-based defendants that they claim is a mixed question of law and fact precluding interlocutory appeal.  Dkt. 115, pp. 3–4, Dkt. 118, pp. 3–5.

However, to meet the criteria for certification for interlocutory appeal, it is only necessary that the interlocutory order involve at least one purely legal question; it is not necessary that every question that might be identified meet the criteria.  *Steering Committee v. United States*, 6 F.3d

572, 575–76 (9ᵗʰ Cir. 1993), *Abarca v. Merck & Co., Inc.*, 2012 WL 137749 (C.D. Cal. Jan. 17, 2012) ("[t]he Ninth Circuit made clear that because there was a "pure legal question" at issue, it could therefore consider all other material mixed questions of law and fact. [*Steering Committee v. United States*, 6 F.3d] at 575–76. The presence of a pure legal question is thus a threshold requirement before a district court may certify an interlocutory appeal") (cited by the Recommendation, Dkt. 118, pp. 5–7, on a related point).

If either of the two questions presented by Plaintiffs are resolved in Plaintiffs' favor, the resolution of the issue suggested by Samaritan Defendants will not affect the outcome of an appeal. If this Court's order is reversed on appeal, this Court will have lacked subject-matter jurisdiction, rendering all that occurs here entirely void. In order to save this Court and the parties unnecessary trouble and expense, this Court should certify its order for interlocutory appeal.

**STANDARDS**

## I. Findings and Recommendation of a Magistrate Judge

The district court judge reviews *de novo* any findings or recommendations of the magistrate judge to which a timely objection has been made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b).

## II. Request for Certification for Interlocutory Appeal

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not

stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

"These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate determination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), *aff'd* 459 U.S. 1190 (1983).

## A. Controlling Question of Law

A question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d at 1026. Orders transferring a case from one district to another involve a question of controlling law where it is claimed the transferee court does not have jurisdiction because they affect the ability of the court to render a binding decision. *Id.*, 673 F.2d at 1026–27, *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959).

## B. Substantial Ground for Difference of Opinion

Substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution and may be satisfied by demonstrating that either (1) the appeal presents a novel issue on which fair-minded jurists might differ; or (2) courts that have considered the issue are divided. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "[I]dentification of a sufficient number of conflicting and contradictory opinions[, statutes, or rules] would provide substantial ground for disagreement.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633–34 (9th Cir. 2010).

## C. Materially Advance Ultimate Termination of the Litigation

"Resolution of a question materially advances the termination of litigation if it 'facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense.'" *Ott v.*

*Mortgage Investors Corp.*, 2015 U.S. Dist. LEXIS 48779, *12, 2015 WL 1648702 (D. Or. Apr. 15,

2015) (citation omitted).

DISCUSSION

Plaintiffs object to the recommendation this Court deny Plaintiffs' Request and to the

reasons stated therefor.  Plaintiffs do not object to:  (1) The rejection of Samaritan Defendants'

contentions the Request should be denied because Plaintiffs did not meet and confer prior to

filing the Request or because the Request is untimely, Dkt. 115, pp. 2–3, implied by the

Recommendation reaching the substance of the Request, Dkt. 117, pp. 2–4, Dkt. 118; (2) The

acceptance as controlling questions of law of the questions identified as such by Plaintiffs, Dkt.

114, pp. 2–3, Dkt. 117, p. 7, a contention Defendants did not dispute, Dkt. 115, Dkt. 117, pp. 2,

12, implied by the Recommendation's lack of discussion of either question, Dkt. 118; (3) The

rejection of the reasons offered by Samaritan Defendants in support of their contention

Plaintiffs have not met the substantial-ground-for-difference-of-opinion prong, Dkt. 115, pp. 5–

9, implied by the Recommendation's providing its own reasons without discussing the reasons

offered by Samaritan Defendants, Dkt. 118, p. 6; and (4) That an immediate appeal will

materially advance the ultimate termination of this litigation because reversal on appeal will mean

this Court will have lacked subject-matter jurisdiction, rendering all acts of this Court a nullity,

Dkt. 114, p. 5, a contention Defendants did not dispute, Dkt. 115, Dkt. 117, pp. 2, 12, implied

by the Recommendation's lack of discussion of the issue.  Dkt. 118.  In all other regards,

including the Recommendation's own reasons on the substantial-ground-for-difference-of-

opinion prong, Plaintiffs object to the Recommendation.

## I.   If the Statutory Criteria Are Met, Certification Is Mandatory, Not Discretionary

Although as a practical matter, a district court's refusal to certify an order for interlocutory appeal is unreviewable,[1] as the only means of review would be a petition for a writ of mandamus, which might as well be directed at the underlying order, or on appeal after a final judgment, in which case the waste of resources caused by an incorrect decision will be irreversible, the district court does not have unfettered discretion to deny certification even if the statutory criteria are met, as contended by the Recommendation.  Dkt. 118, p. 3 (citing *Ott v. Mortgage Investors Corp.*, 2015 U.S. Dist. LEXIS 48779, \*3–4, 2015 WL 1648702, \*1 (D. Or. Apr. 14, 2015)).

The statute states that if the criteria are met, the district judge "*shall* so state in writing in such order." 28 U.S.C. § 1292(b).  Congress's use of the word "shall" with regards to the district court's role, when contrasted with the word "may" with regards to the Court of Appeals's role, means it is mandatory, not discretionary, even if there is no effective means of enforcement. *Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("Congress' use of the permissive 'may … contrasts with the legislators' use of a mandatory 'shall' in the very same section); *United States ex rel. Siegel v. Thoman*, 156 U.S. 353, 359–60 (1895) ("In the law to be construed here it is evident that the word 'may' is used in special contradistinction to the word 'shall'").

## II. Whether a Case Is "Exceptional," Warranting Acceptance of an Interlocutory Appeal, Is Within the Sole Discretion of the Court of Appeals; The District Court's Role Is Limited to Determining Whether the Three Statutory Criteria Have Been Met.  Regardless, a Quarter Billion Dollar Antitrust Case Involving 200 Additional, Supplemental State Law Claims and Counts Arising Under the Laws of 13 Different

---

[1] In contrast, certification of an order for interlocutory appeal is reviewable as part of the Court of Appeals' determination whether to exercise its discretion to permit the appeal to be taken. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) ("When a party seeks a section 1292(b) interlocutory appeal, the court of appeals must undertake a two-step analysis.  First, we must determine whether the district cout has properly found that the certification requirements of the statute have been met.  These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate determination of the litigation.  If we conclude that the requirements have been met, we may, but need not, exercise jurisdiction.  The second step in our analysis is therefore to decide whether, in the exercise of the discretion granted us by the statute, we want to accept jurisdiction").

**States and Injunctive Relief Affecting Osteopathic Medical Education Nationwide Where the District Court May Lack Subject-Matter Jurisdiction Due to an Invalid Transfer Order Is Clearly "Exceptional"**

Contrary to the statement in *Matsunoki Grp., Inc. v. Timberwork Oregon, Inc.*, 2011 WL 940218, at *2 (N.D. Cal. Feb. 18, 2011), Dkt. 118, p. 3, it is not the role of the district court to determine whether "exceptional circumstances" exist; this direction from the Supreme Court in *Coopers & Lybrand v. Livesy*, 437 U.S. 463, 475 (1978) is to the courts of appeals regarding the exercise of the their discretion: "Finally, *even if the district judge certifies* the order under § 1292(b), the *appellant* still 'has the burden of persuading the *court of appeals* that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" (Citation omitted, emphases added.) "[R]ecently, the Supreme Court in *Coopers & Lybrand* indicated its approval of the 'exceptional circumstances' standard of section 1292(b) when it stated that the appellant 'still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (citation omitted).

Regardless, this is precisely the sort of exceptional case the Court of Appeals accepts for interlocutory appeal.  Interlocutory appeal is appropriate "'where a decision on the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'"  *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 n. 2 (9th Cir. 1966) (quoting the report of the Committee on Appeals from Interlocutory Orders of the District Court (Sept. 23, 1953)) (cited in *Ott v. Mortgage Investors Corp.*, 2015 U.S. Dist. LEXIS 48770, * 4, 2015 WL 1648702, *1).  Dkt. 118, p. 3.

This case is an antitrust case, Dkt. 21, pp. 44–45, as is recognized by the Recommendation. Dkt. 118, p. 2.  It involves an additional 200 state law claims and counts arising under the laws of

13 different States, including 89 separate defamation claims.  Dkt. 21.  Damages in excess of $160,000,000 are sought, of which some $60,000,000 is subject to trebling pursuant to 15 U.S.C. § 15(a).  Dkt. 21, p. 63.  Injunctive relief is sought that will affect osteopathic medical education across the entire country by compelling AOA to ensure its medical residency programs provide fair procedure in disciplining doctors in residence.  Dkt. 21, pp. 62–63.  This litigation has been pending for just over 21 months and it is still in the pleading stage with only one of ten defendants having answered the complaint; what may be only the first round of Rule 12(b)(6) motions not yet completed; and an estimated million dollars in attorney fees expended thus far. An immediate appeal will definitively answer whether this Court has jurisdiction over this action, an issue the Ninth Circuit has repeatedly stated is worthy of review on interlocutory appeal because it affects the district court's fundamental ability to render a binding decision:

> [A]ll that must be shown in order for a question to be "controlling" is that resolution of the appeal could materially affect the outcome of litigation in the district court.  *See United States Rubber Co. v. Wright*, *supra*, 359 F.2d at 785.  In discussing the "controlling question of law" requirement in *United States v. Woodbury*, we stated:
>> In our view the question of privilege which the government now would have us review involves nothing as fundamental as the determination of who are necessary and proper parties, *whether a court to which a cause has been transferred has jurisdiction*, or whether state or federal law should be applied.
>> The issues of this lawsuit and the ability of the court to render a binding decision therein are in no way affected by the order to produce documents….

*In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026–27 (9th Cir. 1981) (quoting *United States v. Woodbury*, 263 F.2d 784, 787–88 (9th Cir. 1959) (emphasis added)).

## III. The Court's Order Denying Plaintiffs' Motion for Remand Meets the Statutory Criteria for Certification of the Order for Interlocutory Appeal

### A. Each of the Two Questions, Primary and Secondary, Identified by Plaintiffs Meet the Statutory Criteria for Certification of the Order for Interlocutory Appeal Regardless of Whether the Issue Proposed by Samaritan Defendants Is a Mixed Question of Law and Fact and Regardless of How the Issue Proposed by Samaritan Defendants Is Resolved on Appeal, if It Is Even Reached

Plaintiffs' Request contends the order denying Plaintiffs' Motion for Remand involves two

"controlling question[s] of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b):

1.   A primary question:  Whether a transferee court may substitute an alternate basis supporting the transferor court's finding the transferee court is one where the action "might have been brought" when the transferor court has determined the transferee court is one where the action "might have been brought" because a defendant "concedes" personal jurisdiction in the transferee court (which finding this Court recognizes contravenes the holding in *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960), Dkt. 102, pp. 8–9, Dkt. 111); and

2.   A secondary question:  If the transferee court may substitute an alternate basis supporting the transferor court's finding the transferee court is one where the action "might have been brought," whether a finding there is specific personal jurisdiction over the defendant in the transferee district, rather than a finding the defendant is "doing business" in the transferee district, is sufficient to support a finding the transferee court is one where the action "might have been brought."

Dkt. 114, pp. 2–3, Dkt. 117, p. 7.

On the first question, the Ninth Circuit has held that a transferee court may not reconsider jurisdiction or venue issues determined by the transferor court unless there is some indication the appellants were not afforded a full and fair opportunity to litigate these matters before the transferor court.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 413 (9th Cir. 1985) (citing and adopting the holding in *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 163 (3d Cir. 1982) (cited by Plaintiffs in their Motion for Remand, Dkt. 100, pp. 5, 7–9, Dkt. 106, pp. 13, 24–25, 27)), *see also Reddy v. Medquist, Inc.*, 467 Fed. Appx. 647, 648 (9th Cir. 2012) ("when a transferor court does not decide the jurisdiction of the transferee court, the transferee court retains the power to determine its

own jurisdiction," citing *Hoffman v. Blaski*, 363 U.S. 335, 342 n. 9 (1960); "the law of the case doctrine only applies 'when the issue in question was actually considered and decided by the first court,'" quoting *United States v. Cole*, 51 F.3d 178, 181 (9th Cir. 1995)).  This Court recognized that Defendants were afforded a full and fair opportunity to litigate the questions of jurisdiction and venue before the Central District of California, Dkt. 102, p. 12 ("the facts before this Court that support the exercise of personal jurisdiction were also before the court in the Central District of California"); accordingly, this Court was not permitted to reconsider the Central District of California's finding the District of Oregon is one where this action "might have been brought" because AOA and Western "concede jurisdiction in Oregon."  Dkt. 58, p. 7.  Because this Court's ruling is at odds with this controlling precedent, this is a controlling question of law as to which there is substantial ground for difference of opinion.  Since it affects this Court's ability to enter a binding judgment, an immediate appeal would materially advance the ultimate termination of this litigation.

On the second question, the Ninth Circuit has held that a district is one where the action "might have been brought" only when an out-of-state defendant is "doing business" there. *Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777 (9th Cir. 1950) (cited in *Hoffman v. Blaski*, 363 U.S. at 339–40, n. 8)).  There is no dispute that neither AOA, OPTI-West, nor Western is "doing business" in Oregon as none is incorporated or headquartered there.  *Daimler AG v. Bauman*, 134 S. Ct. 746, 760–61 (2014).  Therefore, the District of Oregon is not a district where this action "might have been brought."  Because this Court's ruling is at odds with this controlling precedent, this is a controlling question of law as to which there is substantial ground for difference of opinion.  Since it affects this Court's ability to enter a binding judgment, an immediate appeal would materially advance the ultimate termination of this litigation.

The Recommendation addresses neither of these two questions—not whether either is a

controlling question of law or whether there is substantial ground for difference of opinion on either question; the Recommendation does not even acknowledge Plaintiffs presented these questions—instead, on the controlling-question-of-law prong, the Recommendation focuses entirely on a tertiary question suggested by Samaritan Defendants, namely, whether there is personal jurisdiction in Oregon over AOA, OPTI-West, and Western, and concludes that this tertiary question is not one of controlling law, but rather a mixed question of law and fact, and therefore Plaintiffs' Request does not meet the first prong of the standards for certification. Dkt. 115, pp. 3–4, Dkt. 118, pp. 3–5.

Even assuming, *arguendo*, the Recommendation is correct in concluding that this is a mixed question of law and fact, it does not follow that Plaintiffs cannot meet the first prong of the standards for certification.  To meet the criteria for certification for interlocutory appeal, it is only necessary that the interlocutory order involve at least one purely legal question; the inquiry is not limited to the question deemed controlling by the district court, and it is not necessary that every question that might be identified meet the criteria.  *Steering Committee v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993), *Abarca v. Merck & Co., Inc.*, 2012 WL 137749 (C.D. Cal. Jan. 17, 2012) ("[t]he Ninth Circuit made clear that because there was a "pure legal question" at issue, it could therefore consider all other material mixed questions of law and fact.  [*Steering Committee v. United States*, 6 F.3d] at 575–76.  The presence of a pure legal question is thus a threshold requirement before a district court may certify an interlocutory appeal") (cited by the Recommendation, Dkt. 118, pp. 5–7, on a related point).  Notably, if the Court of Appeals resolves the primary question in Plaintiffs' favor, there is no need to reach the secondary question, except insofar as it may affect the Central District of California court upon remand, and the third issue is entirely moot.  If the Court of Appeals resolves the secondary question in Plaintiffs' favor, the third issue is also entirely moot.  Conversely, even if the Court of Appeals

finds there would be specific personal jurisdiction, the primary and secondary questions must

also be resolved against Plaintiff to affirm the order.

**B. Samaritan Defendants' Tertiary Issue Is One of Law, Not a Mixed Question of Law and Fact Because No Evidentiary Hearing Has Been Held on the Issue; It Was Decided Solely Upon the Written Materials Submitted. The Tertiary Issue Itself Involves Discrete Questions of Controlling Law Unrelated to Any Factual Dispute**

Samaritan Defendants' tertiary issue is one of law, not a mixed question of law and fact. A

determination of personal jurisdiction is only a mixed question of law and fact if it is made after

an evidentiary hearing, whether a plenary pretrial proceeding or trial. *Data Disc, Inc. v. Systems*

*Technology Assocs., Inc.*, 557 F.2d 1280, 1284–86 (9th Cir. 1977). Where the jurisdictional facts are

intertwined with the merits of the case, as they automatically are in questions of specific personal

jurisdiction, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011), in the

absence of a plenary pretrial proceeding, the determination of personal jurisdiction is merely

preliminary, not final, and the plaintiff must prove the jurisdictional facts by a preponderance of

the evidence at trial for a final determination. *Data Disc*, 557 F.2d at 1285 n. 2. There was no

evidentiary hearing prior to this Court's determination there is specific personal jurisdiction in

Oregon over AOA, OPTI-West, and Western; the Findings and Recommendation on Plaintiffs'

Motion for Remand, which this Court adopted, was based solely on the papers presented. Dkt.

102, pp. 10–12, Dkt. 104, p. 14, Dkt. 111, Dkt. 117. Therefore, even though Defendants dispute

whether the allegations of the First Amended Complaint are sufficient to state a claim and thus

subject to dismissal pursuant to Rule 12(b)(6) and argue that Plaintiffs cannot adequately plead

their claims, Dkt. 118, pp. 3–5, this Court's determination of personal jurisdiction in this case at

this stage of the proceedings is a pure question of law. Even Samaritan Defendants agree that:

"As Judge Beckerman's opinion reveals, no analysis or resolution of the merits of Plaintiffs'

claims is needed to determine that Defendants were subject to personal jurisdiction in Oregon."

Dkt. 115, p. 7.

The Ninth Circuit has repeatedly recognized that Congress intended that questions of jurisdiction or venue in a motion to transfer pursuant to 28 U.S.C. § 1404(a) are suitable for certification for interlocutory appeal under 28 U.S.C. § 1292(b) as controlling questions of law because they go to the fundamental ability of the court to render a binding decision in a lawsuit. *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026–27 (9th Cir. 1982), *aff'd* 459 U.S. 1190 (1983), *United States v. Woodbury*, 263 F.2d 784, 787–88 (9th Cir. 1959) (citing *Deepwater Exploration Co. v. Andrew Weir Ins. Co., Ltd.*, 167 F. Supp. 185, 187–88 (E.D. La. 1958)). At some point, if the parties contest whether the transferee district is one where the action "might have been brought," either the transferor court, or, only if the transferor court fails to do so, the transferee court, *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 413 (9th Cir. 1985), is going to determine whether there is personal jurisdiction and venue in the transferor court. If the resolution of this dispute, when accomplished without an evidentiary hearing, means the issue of whether the transferee district is one where the action "might have been brought" is not a question of law, then the Ninth Circuit's ruling has no meaning: There would be an exception that swallows up the rule.

The Recommendation simply ignores this authority. Instead, the Recommendation cites two unpublished district court opinions where a defendant sought and was denied certification of an order denying their Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, *Ott v. Mortgage Investors Corp.*, 2015 U.S. Dist. LEXIS 48770, 2015 WL 1648791 (D. Or. Apr. 14, 2015) and *iProjects, LLC v. Surespan Wind Energy Servs., Ltd.*, Case No. 3:16-cv-1830-SI, ECF No. 26 (D. Or. May 19, 2017) (Simon, J.).

A ruling on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is significantly procedurally different from a finding a transferee district is one where the action "might have

been brought." In making a Rule 12(b)(2) motion, the defendant is asserting, not waiving, their defense on the merits on this ground. The defendant controls whether they are attacking merely the sufficiency of the pleadings or submitting affidavits. If the plaintiff loses the motion, the court enters a dismissal, which becomes a final appealable judgment. If the plaintiff wins the motion and continues to prosecute their case in that court rather than refiling in a court in which the defendant is subject to general personal jurisdiction, the plaintiff has *voluntarily* assumed the risk that the district court's ruling may be wrong. In the absence of a plenary pretrial proceeding, if the defendant loses their motion, the defense is still available at the conclusion of trial and the district court's preliminary determination subject to reconsideration. At the conclusion of trial, if the defendant still loses on the defense, the judgment is still subject to reversal on appeal on this ground. In either instance, the district court still has subject-matter jurisdiction.

In contrast, neither party has a right to an immediate appeal from a ruling granting or denying a motion to transfer. If any party, whether a plaintiff or defendant, opposes the motion on the grounds the transferee court is not one where the action "might have been brought" because either personal jurisdiction or venue are lacking and the motion is granted over that party's objection and that party is correct, the transferee court lacks subject-matter jurisdiction and the entirety of the proceedings following transfer are void. If the objecting party is a defendant, they would not be precluded from continuing to assert, following transfer, that the transferee court lacked personal jurisdiction over them or was an improper venue. The party opposing transfer is *involuntarily* subjected to the risk the district court's ruling may be wrong. Any ability to appeal following a final judgment is largely illusory, especially where, as here, the plaintiff is of modest means. *Varsic v. United States Dist. Court for the Cent. Dist. of California*, 607 F.2d 245, 252 (9th Cir. 1979).

Although, under the holding in *Data Disc*, the distinction is irrelevant, it should nevertheless be noted that in *Ott*, the defendant also filed a Rule 12(b)(6) motion to dismiss for failure to state a claim wherein the defendant filed no affidavits in support of their motion, *Ott v. Mortgage Investors Corp.*, 65 F. Supp. 3d 1045, 1053 (D. Ore. 2014), which did not turn the court's ruling on the Rule 12(b)(2) motion into a mixed question of law and fact, *Ott*, 2015 WL 1648702, at *2, whereas in *iProjects, LLC v. Surespan Wind Energy Servs., Ltd.*, the defendants did file affidavits in support of their motion. *iProjects, LLC v. Surespan Wind Energy Servs., Ltd.*, Case No. 3:16-cv-1830-SI, ECF No. 26, p. 3 (D. Or. May 19, 2017) (referencing competing declarations from Hart and Hiebert). Here, there were no affidavits filed on either side of the issue as to whether AOA, OPTI-West, and Western are subject to personal jurisdiction in Oregon.

Even within the larger issue of whether there is specific personal jurisdiction, there are questions of controlling law as to which there is substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation:

First, the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936), *Data Disc*, 557 F.2d at 1285 (citing *KVOS*), *Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K.*, 757 F.2d 1059, 1062, n. 4 (9th Cir. 1985) ("[t]he party seeking to invoke jurisdiction must plead and prove adequate facts to establish jurisdiction") (cited by Recommendation, Dkt. 118, p. 7), *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389 (9th Cir. 1984). In this instance, it is Defendants who are the parties seeking to invoke the jurisdiction of the District of Oregon Court. It is undisputed that they introduced no evidence to prove AOA, OPTI-West, or Western is subject to personal jurisdiction in Oregon. Therefore, as a matter of law, they failed in their burden of establishing the District of Oregon is a place where the action "might have been brought." Because this Court's ruling is at odds with this controlling precedent, this is a controlling question of law as to

which there is substantial ground for difference of opinion. Since it affects this Court's ability to enter a binding judgment, an immediate appeal would materially advance the ultimate termination of this litigation.

Second, there is a "real question" whether Plaintiffs had an "unqualified right" to bring the action in Oregon given that there is no case law interpreting Oregon's long-arm statute, Oregon Rule of Civil Procedure (ORCP) 4, as (1) applying to cases involving a claim over which the federal courts enjoy exclusive jurisdiction, (2) reaches out-of-state co-conspirators, or (3) recognizes the doctrine of pendant personal jurisdiction. Dkt. 100, pp. 9–13, Dkt. 106, pp. 29–35. Relying solely on argument presented for the first time by Samaritan Defendants in their Response to Plaintiffs' Amended Objections to the Findings and Recommendation on Plaintiffs' Motion for Remand, Dkt. 107, p. 6, to which Plaintiffs were not provided an opportunity to reply, Dkt. 111, the Court addressed only the third of these three contentions, holding that the Ninth Circuit's holding in *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004) decided the question. But *Action Embroidery* only decided whether pendent jurisdiction is constitutionally permissible; the Ninth Circuit does not have the power to determine what ORCP 4 allows; only the Oregon Supreme Court may do that, and they decided that ORCP 4 N precludes pendent jurisdiction. *North Pacific SS Co. v. Gaurisco*, 293 Or. 341, 350, 647 P.2d 920, 926 (1982) ("where the defendant is a non-resident of the state and jurisdiction was obtained over it through use of a 'long-arm' statute, each separate claim or cause of action stated against such defendant must have its own independent jurisdictional grounds"). ORCP 4 N applies to limit personal jurisdiction under all the bases for personal jurisdiction permitted under Oregon's long-arm statute:

> In any action brought in reliance upon jurisdictional grounds stated in sections B through L, there cannot be joined in the same action any other claim or cause against the defendant unless grounds exist under this rule, or other rule or statute, for personal jurisdiction over the defendant as to the claim or cause to be joined.

Both the state's long-arm statute and the constitutional requirements must be met in order to establish personal jurisdiction. *Aenestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir. 1974). At best, Defendants have only shown that personal jurisdiction in Oregon might be constitutionally permissible.  Furthermore, whether to exercise pendent personal jurisdiction is within the discretion of the district court. *Action Embroidery*, 368 F.3d at 1181.  One can hardly be said to have a "right" to bring an action in a district, as required for transfer by the Ninth Circuit in *Shapiro v. Bonanza Hotel Co.*, 185 F.2d at 777, where the exercise of that "right" is subject to the discretion of the district court.  Because this Court's ruling is at odds with this controlling precedent, this is a controlling question of law as to which there is substantial ground for difference of opinion. Since it affects this Court's ability to enter a binding judgment, an immediate appeal would materially advance the ultimate termination of this litigation.

## IV. A Substantial Ground for Difference of Opinion Is Established by the Identification of a Sufficient Number of Conflicting and Contradictory Opinions, Statutes, or Rules; a District Court's Decision on a Motion Necessarily Choosing One Argument and Its Authorites Over Another Does Not Automatically Render the Conflicting and Contradictory Opinions, Statutes, or Rules Neither Conflicting Nor Contradictory

Although the plain language of 28 U.S.C. § 1292(b) requires the substantial ground for difference of opinion be on the same question identified as a controlling question of law rather than on a different question, the Recommendation, again at Samaritan Defendants' instigation, does not consider whether there is substantial ground for difference of opinion as to the question of whether there is specific personal jurisdiction in Oregon over AOA, OPTI-West, and Western, but instead whether there is substantial ground for difference of opinion on a fourth question; namely, whether the Central District of California court was "clearly wrong." Dkt. 115, p. 5, Dkt. 118, p. 6.  As previously noted, the Recommendation implicitly rejects the reasons Samaritan Defendants offers in support of their contention Plaintiffs have not shown there was a substantial ground for difference of opinion as to the question of whether the

Central District of California court was "clearly wrong," Dkt. 115, pp. 5–9, instead concluding, *sua sponte*, that there is no substantial ground for difference of opinion because Plaintiffs did not present any additional authorities other than those Plaintiffs presented in their Motion for Remand, which this Court rejected.  Dkt. 118, p. 6.  Favoring one argument and its supporting authorities is a necessary part of deciding a motion, and if that alone were sufficient to eliminate the possibility of a substantial ground for difference of opinion, no order would ever qualify for interlocutory appeal unless the party seeking certification had not presented every available authority in support of their argument on the underlying motion.

Ninth Circuit precedent establishes that the substantial-ground-for-difference-of-opinion prong is met by "identification of a sufficient number of conflicting and contradictory opinions," statutes, or rules.  *Couch v. Telescope Inc.*, 611 F.3d 629, 633–34 (9th Cir. 2010).  As a necessary part of the resolution of any motion, a district court must, when confronted with apparently controlling precedent, after parsing the precedent in light of the facts presented and the rule announced, either follow it or distinguish it, and, when confronted with persuasive authority, acknowledge and carefully consider and digest persuasive authority before either adopting the persuasive authority's reasoning or striking off in a different direction.  *Hart v. Massanari*, 266 F.3d 1155, 1169–74 (9th Cir. 2001).  Even the Supreme Court imposes upon itself the requirement it support a departure from precedent with some "'special justification.'"  *United States v. International Business Machines Corp.*, 517 U.S. 843, 856 (1996) (citations omitted).  The case on which the Recommendation relies for its contention that by denying Plaintiffs' Motion for Remand there can be no substantial ground for difference of opinion distinguished cases on which the party seeking certification relied specifically noted the presence of authority directly on point favoring the court's ruling and the lack of contrary authority directly on point favoring the party seeking certification.  *Zest IP Holdings, LLC v. Implant Direct. Mfg., LLC*, 2015 WL

128042, at *5 (S.D. Cal. Jan 8, 2015) ([h]ere ISDI's argument to show a 'substantial ground for difference of opinion' focuses on the same cases which the Court previously considered and rejected.  The Court found these cases distinguishable, and noted that 'ISDI has pointed to no cases in which a court severed liability at the time of transfer for a successor-in-interest to a case under Rule 25(c).'  On the other hand, the Court noted that 'Zest's cited authorities demonstrate that several courts have brought successors-in-interest into a case and have allowed post-transfer conduct to be included in the calculation of damages'"), *see also Ott v. Mortgage Investors Corp.*, 2015 U.S. Dist. LEXIS 48770, *6–12, 2015 WL 1648702 (finding none of the cases relied upon by defendants were inconsistent with the court's ruling), *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) ("in determining whether 'a substantial ground for difference of opinion truly exists, a district court must analyze the arguments in opposition to the challenged ruling.'  Where … the cases cited are either 'inapposite to the issue[] implication by the instant action,' of 'no persuasive authority,' or both") (citations omitted) (cited by *Abarca v. Merck & Co., Inc.*, 2012 WL 137749, at *7 (C.D. Cal. Jan 17, 2012) (cited by Recommendation, Dkt. 118, pp. 6–7)).  In this case, the Findings and Recommendation and Order on Plaintiffs' Motion for Remand and the Recommendation on Plaintiffs' Request do not even acknowledge the existence of authority Plaintiffs identified as controlling precedent or persuasive authority, much less distinguish the precedent or consider, other than implicitly, the persuasive authority. *Compare* Dkt. 102, 111, and 118 *with* Dkt. 81, pp. 15–16, Dkt. 92, p. 9, Dkt. 100, pp. 5–13, and Dkt. 106, pp. 14–17.

On the first question:  In their briefs on the underlying motion, Plaintiffs cited *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960), *American Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970), *Subacz v. Town Tower Motel Corp.*, 567 F. Supp. 1308, 1316 (N.D. Ind. 1983), *Kotsonis v. Superior Motor Exp.*, 539 F. Supp. 642, 646 (M.D.N.C. 1982), and *Ferri v. United Aircraft Corp.*, 357

F. Supp. 814, 818 (D. Conn. 1973) for the proposition that a transferee court does not acquire

subject-matter jurisdiction where the finding that a district is one where the action "might have

been brought" is based on a waiver of objections to personal jurisdiction or venue.  Dkt. 81, pp.

10, 15–16; Dkt. 92, pp. 8, 9, 14; Dkt. 100, pp. 5, 8; Dkt. 106, pp. 14–15, 23–24.  Plaintiffs

additionally cited *Ferri* for the proposition that where transfer is based on a waiver of personal

jurisdiction or venue, the transferee court's lack of subject-matter jurisdiction prevents it from

modifying the transferor court's order.  Dkt. 81, p. 7; Dkt. 92, p. 14; Dkt. 100, p. 9; Dkt. 106,

14–15.  Plaintiffs cited *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18 (1951) for the

proposition that a court may not confer subject-matter jurisdiction upon itself.  Dkt. 100, p. 8–9,

Dkt. 106, p. 24.  Finally, Plaintiffs cited *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, (3d Cir.

1982) for the proposition that the law-of-the-case doctrine also precluded this Court from

revising the basis for the Central District of California court's finding the District of Oregon is

one where the action "might have been brought."  Dkt. 100, pp. 5, 7–9; Dkt. 106, p. 24.

Although the Findings and Recommendation on Plaintiffs' Motion for Remand recognized

Plaintiffs' citation of *Hoffman v. Blaski* for a different point, Dkt. 102, pp. 8–9, there is no

mention or discussion of *Hoffman v. Blaski*'s holding on the issue of subject-matter jurisdiction in

the transferee court and no mention or discussion of any of the other authorities in either the

Findings and Recommendation on Plaintiffs' Motion for Remand, Dkt. 102, or the Order on

Plaintiffs' Motion for Remand.  Dkt. 111.  There is no contention these authorities do not stand

for the propositions for which Plaintiffs cited them.  There is no attempt to distinguish any of

these authorities or explain why they are not precedential or persuasive.

In any event, the Ninth Circuit's holding in *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 413 (9th

Cir. 1985) (citing and adopting the holding in *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 163

(3d Cir. 1982) definitively answers this question in favor of Plaintiffs and by failing to follow this precedent this Court would commit reversible error.

*Pacific Coast Marine Windshields v. Malibu Boats*, 2011 U.S. Dist. Lexis 139353, at *22, 2011 WL 6046308 (E.D. Cal. Dec. 5, 2011), cited by this Court, Dkt. 102, pp. 7–8, 10, 13–14, Dkt. 111, relies on *Hayman Cash Register*.  *See also Dewan v. M-I, LLC*, 2015 U.S. Dist. LEXIS 79430, *14, 2015 WL 3797462 (E.D. Cal. June 18, 2015), *Collier v. Vallejo Police Dep't*, 2014 U.S. Dist. LEXIS 17350, *3 (E.D. Cal. Feb. 10, 2014), *Hall v. Alternative Loan Trust,* 2013 U.S. Dist. LEXIS 157172, *4–5, 2013 WL 5934322 (E.D. Cal. Oct. 31, 2013).

*Hayman Cash Register Co.* has also been cited with approval on this point by the Supreme Court, *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (cited by this Court, Dkt. 102, p. 7, Dkt. 111); the Seventh Circuit, *Edwardsville Nat'l Bank and Trust Co. v. Marion Labs., Inc.*, 808 F.2d 648, 650 (7th Cir. 1987); the Eighth Circuit, *In re Exterior Siding and Aluminum Coil Antitrust Litig. (MDL No. 454)*, 696 F.2d 613, 616 (8th Cir. 1982); the Tenth Circuit, *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516, 1520 (10th Cir. 1991) (cited by this Court, Dkt. 102, pp. 9–10, Dkt. 111), and the D.C. Circuit, *Wilson v. Turnage*, 755 F.2d 967, 967–68 (D.C. Cir. 1985) (per curiam), *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1180 n. 15 (D.C. Cir. 1983).

The Fifth Circuit has independently developed an identical rule.  *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983).

District courts outside of these circuits have relied upon *Hayman Cash Register* for this point: *Overton v. Torruella*, 183 F. Supp. 2d 295, 299 (D. Mass. 2001) in the First Circuit; *U.S. Bank Nat'l Ass'n v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 129876, *8 (S.D.N.Y. Sept. 20, 2016), *Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 511 (D. Conn. 2002), and *Davis v. Costa-Gravas*, 595 F. Supp. 982, 985 (S.D.N.Y. 1984) in the Second Circuit; *Illinois Union Ins. Co. v. Tri Core Inc.*, 191

F. Supp. 2d 794, 797–800 (N.D. Tex. 2002) (cited in *Malibu Boats*, 2011 U.S. Dist. LEXIS 139353, *12–13, 19–20, 22 (cited in Recommendation on Plaintiffs' Motion for Remand, Dkt. 102, pp. 7–8, 10, 13–14)) in the Fifth Circuit; and *Murray v. Sevier*, 993 F. Supp. 1394, 1400 (M.D. Ala. 1997) and *Shute v. Carnival Cruise Lines, Inc.*, 804 F. Supp. 1525, 1527–28 (S.D. Fla. 1992) in the Eleventh Circuit.

On the second question:  In their briefs on the underlying motion, Plaintiffs cited *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24–25 (3d Cir. 1970) *cert. denied* 401 U.S. 910 (1971), which cited *Van Dusen v. Barrack*, 376 U.S. 612 (1964) and *Hoffman v. Blaski*, for the proposition that a plaintiff must have an "unqualified right" to bring an action in a proposed transferee district because there is no "real question" whether plaintiff could have obtained jurisdiction in the transferee district over the defendant.  Dkt. 100, p. 6; Dkt. 106, pp. 14, 15, 28, 31.  Plaintiffs cited *Leyden v. Excello Corp.*, 188 F. Supp. 396, 397 (D.N.J. 1960) (cited with approval by the *Shutte* court, 431 F.2d at 24) and *Pierce v. Atlas Powder Co.*, 430 F. Supp. 79 (D. Del. 1977) for the proposition that unless the defendant is "doing business" in the transferee district there is real question whether the plaintiff had an unqualified right to bring the action there, and that specific personal jurisdiction is therefore insufficient for transfer.  Dkt. 100, pp. 6–7; Dkt. 106, pp. 15–16, 31.  Plaintiffs cited *Funnelcap, Inc. v. Orion Industries, Inc.*, 392 F. Supp. 938 (D. Del. 1975) for the proposition that transfer may not be based on facts the plaintiff must prove in order to prevail because such would be, in effect, a waiver of the defense of lack of personal jurisdiction or improper venue.  Dkt. 100, pp. 7, 11; Dkt. 106, pp. 16, 31, 36, 37, 38.

The Recommendation and Order on Plaintiffs' Motion for Remand neither mention nor discuss any of these authorities.  Dkt. 102, 111.

In any event, the Ninth Circuit's holding in *Shapiro v. Bonanza Hotel Co.* definitively answers this question in favor of Plaintiffs and failing to follow this precedent would constitute reversible error.

*Pacific Coast Marine Windshields v. Malibu Boats*, 2011 U.S. Dist. Lexis 139353, at \*14–15, 2011 WL 6046308 (E.D. Cal. Dec. 5, 2011), cited by this Court, Dkt. 102, pp. 7–8, 10, 13–14, Dkt. 111, specifically cites *Shutte* for its "unqualified right" standard.

*Shutte* has also been cited with approval on this point by the Tenth Circuit, *Morris v. Peterson*, 759 F.2d 809, 812 (10th Cir. 1985), the D.C. Circuit, *Relf v. Gasch*, 511 F.2d 804, 807 n. 13 (D.C. Cir. 1975), *Wren v. Carlson*, 506 F.2d 131, 134 n. 20 (D.C. Cir. 1974), and in a dissenting opinion from the Sixth Circuit, *Skil Corp. v. Miller Falls Co.*, 541 F.2d 554, 564 n. 8 (6th Cir. 1976) (Adams, J., dissenting) ("[o]n the other hand, the judge of the transferee district might be acting outside his power in retaining a case where it is an open question whether the suit originally could have been brought in his court, as required by section 1404(a)").

District courts outside these circuits have relied upon *Shutte* for this point: *National Union Fire Ins. v. Frasch*, 751 F. Supp. 1075, 1078–79 (S.D.N.Y. 1990), *National Union Fire Ins. v. Turter*, 743 F. Supp. 260, 263 (S.D.N.Y. 1990) and *National Union Fire Ins. v. Landry*, 677 F. Supp. 704, 708 (S.D.N.Y. 1987), and *Ferri v. United Aircraft Corp.*, 357 F. Supp. 814, 816 (D. Conn. 1973) (cited by Plaintiffs for a different proposition, Dkt. 81, pp. 15–16, Dkt. 92, p. 14, Dkt. 100, pp. 8–9, Dkt. 106, pp. 14–15) in the Second Circuit; *Lugus IP LLC v. Volvo Car Corp.*, 2012 U.S. Dist. LEXIS 67999, \*9, 2012 WL 1715983 (E.D. Va. May 5, 2012), *Porter v. Groat*, 713 F. Supp. 893, 895 (M.D.N.C. 1989), *Bashir v. United States Attorney Gen.*, 508 F. Supp. 1108, 1109–10 (E.D. Va. 1981), and *Penntube Plastics Co. v. Flourotex, Inc.*, 336 F. Supp. 698, 703 (D.S.C. 1971) in the Fourth Circuit; *Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 591–92 (E.D. La. 2013), *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 764–65 (E.D. Tex. 2009), *Wolf Designs, Inc. v.*

*Donald McEvoy Ltd., Inc.*, 355 F. Supp. 2d 848, 851–52 (N.D. Tex. 2005), *Eastman Medical Products v. E.R. Squibb & Sons*, 199 F. Supp. 2d 590, 595–96 & nn. 18–19 (N.D. Tex. 2002), and *Illinois Union Ins. Co. v. Tri Core Inc.*, 191 F. Supp. 2d 794, 798–800 & nn. 6–7 (N.D. Tex. 2002) (cited in *Malibu Boats*, 2011 U.S. Dist. LEXIS 139353, *12–13, 19–20, 22 (cited in Recommendation on Plaintiffs' Motion for Remand, Dkt. 102, pp. 7–8, 10, 13–14)), *Mizell v. Prism Computer Corp.*, 27 F. Supp. 2d 708, 713 (S.D. Miss. 1998), *Searcy v. Knostman*, 155 B.R. 699, 707 (S.D. Miss. 1993), and *Frazier v. Commercial Credit Equip. Corp.*, 755 F. Supp. 163, 165 (S.D. Miss 1991) in the Fifth Circuit; *Zimmer Enters., Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 983, 990 (S.D. Ohio 2007) and *Parker-Hannifin Corp. v. Samuel Moore & Co.*, 436 F. Supp. 498, 502 (N.D. Ohio 1977) in the Sixth Circuit; and *Gallery Homes, Inc. v. Yi*, 587 F. Supp. 1036, 1039 (N.D. Ill. 1984) and *Lemelson v. Ampex Corp.*, 372 F. Supp. 708, 714 (N.D. Ill. 1974) in the Seventh Circuit.

Having previously convinced this Court to ignore relevant argument on the (false) grounds that Plaintiffs had failed to make the same argument to the magistrate, argument to which Plaintiffs were not afforded an opportunity to respond as it was made in Samaritan Defendants' Response in Opposition to Plaintiffs' Amended Objections to the Findings and Recommendation on Plaintiffs' Motion for Remand, Dkt. 107, pp. 4–5, Plaintiffs anticipate Samaritan Defendants making a similar argument and "reply" as follows:  As recognized by the Court, 28 U.S.C. § 636(b)(1) permits the court the discretion to "receive further evidence," Dkt. 111, p. 3, Fed. R. Civ. P. 72(b)(3), *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("district court has discretion, but is not required, to consider evidence presented for the [first] time in a party's objection to a magistrate judge's recommendation"), Dkt. 111, p. 3.  These authorities vest the district court with the discretion whether to consider new *evidence*; they do not permit the district court the discretion to ignore *argument*.  Argument is not evidence. Evidence is subject to the Federal Rules of Evidence.  Argument is subject to Federal Rule of

Civil Procedure 11.  Furthermore, it is an abuse of discretion to refuse to consider new evidence where it cannot be understood it was necessary to present it earlier.  *Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004).  Here, Plaintiffs are presenting additional authorities in support of existing argument, not new argument, in response to the Recommendation's *sua sponte* recommended ruling that it is insufficient to rely on authorities previously considered and rejected, Dkt. 118, pp. 5–6; had Samaritan Defendants raised this argument in their Response, Plaintiffs could have presented the additional authorities in their Reply.[2]

## CONCLUSION

This is an antitrust case involving damages in excess of a quarter billion dollars, 200 additional state law claims and counts arising under the laws of 13 different States, and seeking an injunction that will affect osteopathic medical education throughout the United States and there is a serious question as to whether this Court is one where the action "might have been brought," which if reversed on appeal will mean this Court will not have had subject-matter jurisdiction and the entirety of the proceedings in this Court will be void; not voidable, void. Because Plaintiffs have shown there are controlling question of law as to which there is substantial ground for disagreement and an immediate appeal would materially advance the ultimate termination of the litigation, rather than allow this important question to await

---

[2] Similarly, in their Amended Objections to the Findings and Recommendation on Plaintiffs' Motion for Remand, Dkt. 106, Plaintiffs repurposed argument already presented in their Motion, Reply, and Supplemental Brief, Dkt. 81, 92, 100, in response to the Recommendation on Plaintiffs' Motion for Remand's imposition of the requirement that Plaintiffs demonstrate the Central District of California court was "clearly wrong" by discounting all alternative bases for any finding the District of Oregon is one where the action "might have been brought."  Dkt. 102, pp. 7–10.  The only difference between the argument presented in Plaintiffs' Motion, Reply, and Supplemental Brief and in Plaintiffs' Amended Objections is its organization and making it clear that the "doing business" standard is identical to general personal jurisdiction because personal jurisdiction analysis uses this term.  *Compare* Dkt. 81, pp. 17–18, Dkt. 92, pp. 14–26, Dkt. 100, pp. 5–13 *with* Dkt. 106, pp. 14–19, 28–40.

resolution on appeal following final judgment, the Court should certify its order denying

Plaintiffs' Motion for Remand for interlocutory appeal.

Date: August 10, 2017                    WATKINSON LAIRD RUBENSTEIN PC
                                         CLARK E. RASCHE

                                By:    /s/ Clark E. Rasche
                                       Clark E. Rasche
                                       Attorney for Plaintiffs
                                       DR. ERIK NATKIN, DO PC and
                                       DR. ERIK NATKIN, DO

Date: August 10, 2017                    LAW OFFICES OF BENJAMIN NATKIN
                                         BENJAMIN NATKIN

                                By:    /s/ Benjamin Natkin
                                       Benjamin Natkin
                                       Attorney for Plaintiffs
                                       DR. ERIK NATKIN, DO PC and
                                       DR. ERIK NATKIN, DO