IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DR. ERIK NATKIN, DO PC, a Utah corporation; and DR. ERIK NATKIN, DO, an individual,<br><br>                Plaintiffs,<br><br>     v.<br><br>AMERICAN OSTEOPATHIC ASSOCIATION, an Illinois corporation; OSTEOPATHIC POSTDOCTORAL TRAINING INSTITUTE, OPTI-WEST EDUCATIONAL CONSORTIUM, a California corporation; WESTERN UNIVERSITY OF HEALTH SCIENCES, a California corporation; SAMARITAN HEALTH SERVICES, INC., an Oregon corporation; GOOD SAMARITAN HOSPITAL CORVALLIS, an Oregon corporation; ALBANY GENERAL HOSPITAL, an Oregon corporation; MID-VALLEY HEALTHCARE, INC., an Oregon corporation; SAMARITAN PACIFIC HEALTH SERVICES, INC., an Oregon corporation; SAMARITAN NORTH LINCOLN HOSPITAL, an Oregon corporation; and DR. LUIS R. VELA, DO, an individual,<br><br>                Defendants. | Case No. 3:16-cv-01494-SB<br><br>**FINDINGS AND RECOMMENDATION** |

**BECKERMAN, Magistrate Judge.**

Pursuant to FED. R. Civ. P. 11(c), Samaritan Health Services, Inc., Good Samaritan Hospital Corvallis, Albany General Hospital, Mid-Valley Healthcare, Inc., Samaritan Pacific Health Services, Inc., Samaritan North Lincoln Hospital, and Dr. Luis Vela (collectively, the "Samaritan Defendants") move for an award of sanctions against Dr. Erik Natkin and Dr. Erik Natkin, DO PC (collectively, "Plaintiffs"). The Samaritan Defendants argue that an award of sanctions is appropriate because Plaintiffs asked the Court to certify for interlocutory appeal under 28 U.S.C. § 1292(b), an order denying retransfer of venue, even though certification of that order was not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. For the reasons that follow, the Court recommends that the district judge deny the Samaritan Defendants' motion for sanctions (ECF No. 121).

## BACKGROUND

This case concerns alleged actions taken by the Samaritan Defendants and others in the course of, and subsequent to, terminating Dr. Erik Natkin's residency agreement with an Oregon hospital. Plaintiffs originally filed suit against the above-captioned defendants in the U.S. District Court for the Central District of California (the "Central District of California"), asserting federal and state law claims.

In an Order dated July 22, 2016, the Central District of California transferred the case to the U.S. District Court for the District of Oregon (the "District of Oregon"), pursuant to 28 U.S.C. § 1404(a).[1] In doing so, the Central District of California found that the District of

---

[1] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might

PAGE 2 – FINDINGS AND RECOMMENDATION

Oregon was a district in which the action might have been brought, and rejected Plaintiffs' assertion that certain defendants were not subject to personal jurisdiction in the District of Oregon.

After the present action was transferred to the District of Oregon, Plaintiffs moved to retransfer the case to the Central District of California, arguing, among other things, that "the Central District of California erroneously concluded that this Court has personal jurisdiction over three of the defendants and thus this case might have been brought in this Court," and that, as a consequence of this erroneous ruling, "the transfer was void and this Court does not have subject matter jurisdiction to evaluate whether it has personal jurisdiction over the three disputed defendants." *Dr. Erik Natkin, DO PC v. Am. Osteopathic Ass'n*, No. 3:16-cv-01494-SB, 2017 WL 1838574, at *1 (D. Or. May 8, 2017) (Simon, J.). In an Order dated May 8, 2017, the district judge adopted the undersigned's recommendation to deny Plaintiffs' motion to retransfer venue, and observed that the undersigned "had to consider whether the conclusion of the Central District of California that this Court was a court in which this case originally might have been brought was 'clearly wrong,'" which "necessar[ily] entail[ed] considering whether this Court has personal jurisdiction over the three disputed defendants." *Id.*; *accord* Pls.' Opp'n Defs.' Mot. Sanctions at 9 ("Every determination that a district is one where the action 'might have been brought' necessarily includes a finding that personal jurisdiction and venue are proper in the transferee district."). The district judge also noted that "[i]t would be nonsensical if this Court could not consider whether it had personal jurisdiction over the defendants," because to hold otherwise "would mean that a plaintiff could obtain a retransfer simply by declaring that the

---

have been brought[.]" 28 U.S.C. § 1404(a). Section "1404(a) does not allow a court to transfer a suit to a district which lacks personal jurisdiction over the defendants." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960)).

PAGE 3 – FINDINGS AND RECOMMENDATION

transferor court was wrong in determining personal jurisdiction." *Natkin*, 2017 WL 1838574, at *1.

On June 19, 2017, Plaintiffs moved to certify for interlocutory appeal the district judge's May 8, 2017 Order, pursuant to 28 U.S.C. § 1292(b).[2] On July 18, 2017, the Samaritan Defendants served Plaintiffs' counsel with their proposed motion for sanctions, noting that the motion to certify was not supported by existing law or any nonfrivolous arguments. (Natkin Decl. ¶ 4, Ex. 1, at 2.)

In Findings and Recommendation ("F&R") dated July 27, 2017, the undersigned concluded that the district judge's May 8, 2017 Order did not satisfy the statutory requirements for interlocutory appeal because it did not involve a controlling question of law as to which there was a substantial ground for difference of opinion. In so concluding, the undersigned noted that on interlocutory appeal, the Ninth Circuit restricts its review to pure questions of law, not mixed questions of law and fact, because pure questions of law are ones that can be decided "quickly and cleanly without having to study the record." (ECF No. 118, at 3-4.) Since the record in this case suggested that the underlying facts are not undisputed with respect to the issue of personal jurisdiction, the undersigned concluded that the district judge's May 8, 2017 Order did not involve a pure question of law and thus the statutory requirements for certification of an interlocutory appeal were not satisfied. (ECF No. 118, at 3-4.) The undersigned also concluded that "[t]he issue for which Plaintiffs [sought] interlocutory review—whether the transferor court was 'clearly wrong' to transfer this case to the District of Oregon—[was] not a sharply divided

---

[2] "Section 1292(b) imposes three criteria that must be met before a district court may certify an interlocutory appeal: the order must state '(1) that there is a controlling question of law; (2) that there is substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *Hightower v. Schwarzenegger*, No. 04-6028, 2009 WL 3756342, at *2 (E.D. Cal. Nov. 6, 2009) (citation omitted).

issue about which reasonable minds could strongly disagree." (ECF No. 118, at 6) (citation and quotation marks omitted).

On August 10, 2017, Plaintiffs' counsel objected to the undersigned's July 27, 2017 F&R. The Samaritan Defendants' motion for imposition of sanctions followed on August 18, 2017. The district judge later adopted the undersigned's July 27, 2017 F&R over Plaintiffs' objections.

## ANALYSIS

### I. STANDARD OF REVIEW

"Under Rule 11, an attorney submitting papers to a federal court certifies that 'the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.'" *Lima v. Deutsche Bank Nat'l Trust Co.*, 687 F. App'x 606, 608 (9th Cir. 2017) (citation omitted). The Ninth Circuit defines a frivolous argument as one that "'is both baseless and made without a reasonable and competent inquiry.'" *Id.* at 608-09 (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990)). The foregoing "elements are assessed from an objective standpoint, i.e., according to what a 'reasonable attorney' would have believed." *Id.* at 609 (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)). "As long as there is some 'plausible basis,' even a weak one, for the arguments advanced, then Rule 11 sanctions are improper." *Padres Hacia Una Vida Mejor v. Jackson*, No. 1:11-cv-1094, 2012 WL 6053946, at *1 (E.D. Cal. Dec. 5, 2012) (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001)); *see also Lima*, 687 F. App'x at 609 ("Because the rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories, Rule 11 sanctions are reserved for the exceptional circumstance.") (citation and quotation marks omitted).

PAGE 5 – FINDINGS AND RECOMMENDATION

## II. DISCUSSION

The Samaritan Defendants argue that Plaintiffs' motion to certify failed to comply with FED. R. CIV. P. 11(b)(2), because Plaintiffs had "no basis for claiming" that the district judge's May 8, 2017 Order satisfied the statutory requirements for certification set forth in 28 U.S.C. § 1292(b). (Defs.' Mot. at 4.) Specifically, the Samaritan Defendants argue that Plaintiffs had "no basis for claiming" that the district judge's May 8, 2017 Order involved a "controlling question of law" and that there was "substantial ground for difference of opinion" (i.e., elements one and two of the statutory requirements). (Defs.' Mot. at 4.) Consequently, the Samaritan Defendants argue that sanctions are appropriate, because Plaintiffs' motion to certify was not supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. (Defs.' Mot. at 3.)

### A. Element One: Controlling Question of Law

In their motion to certify, Plaintiffs argued that the May 8, 2017 Order involved a controlling question of law in light of their claim that this Court does not have jurisdiction over certain defendants. (Pls.' Mot. Certify at 2.) As support for their argument, Plaintiffs relied on *United States v. Woodbury*, 263 F.2d 784 (9th Cir. 1959), where the Ninth Circuit observed the following: "[O]ne instance in which § 1292(b) may be applied [is when] a district court order [grants or denies] a motion to join a third party defendant. . . . [A]n . . . order transferring a cause from one district to another may [also] be appealed under § 1292(b) if it is claimed that the transferee court does not have jurisdiction. In neither of these instances would reversal be dispositive of the case, yet the questions may nevertheless be considered as controlling." *Id*. at 787.

In opposing the motion to certify, the Samaritan Defendants presented the following argument in support of their assertion that the May 8, 2017 Order did not involve a controlling question of law:

> Here, the heart of the dispute is whether the California Court was 'clearly wrong' when it concluded that this Court had personal jurisdiction over the defendants at the time the Complaint was filed. 'The existence of personal jurisdiction presents a mixed question of law and fact.' That is clearly true here. Judge Beckerman spent nearly two pages of her [F&R on the motion to retransfer] reciting facts relevant to the personal jurisdiction analysis. And Plaintiffs have spilled much ink on those same facts. Because Plaintiffs' motion to re[transfer] does not raise a pure question of law, the Court should deny Plaintiffs' motion for certification.

(Defs.' Opp'n at 4) (internal citations omitted).

Ultimately, the undersigned found that the May 8, 2017 Order did not involve a pure, controlling question of law, relying in large part on *Ott v. Mortg. Inv'rs Corp.*, No. 3:14-cv-00645-ST, 2015 WL 1648702, at *2 (D. Or. Apr. 14, 2015), and *iProjects, LLC v. Surespan Wind Energy Servs., Ltd.*, No. 3:16-cv-01830-SI (D. Or. filed May 19, 2017), ECF No. 26. In both of those cases, the district court's decision made clear that the issue of personal jurisdiction is only a pure, controlling question of law if the underlying facts are undisputed. *See Ott*, 2015 WL 1648702, at *2 ("[W]hen the underlying facts are undisputed, the issue of personal jurisdiction is a [pure, controlling] question of law." (citing *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1319-20 (9th Cir. 1988))); Order, *iProjects*, ECF No. 26 at 2-3 (holding that the moving party failed to satisfy the first requirement for interlocutory review under § 1292(b), where the parties disagreed about certain facts that were relevant to deciding the underlying issue of personal jurisdiction). The record indicated that the parties disputed facts relevant to the issue of personal jurisdiction, and therefore the undersigned found that the district judge's May 8,

2017 Order presented a mixed question of law and fact, not a pure, controlling question of law. The district judge subsequently adopted the undersigned's finding over Plaintiffs' objections.

Although the undersigned found the Samaritan Defendants' position more persuasive than Plaintiffs' reliance on the Ninth Circuit's decision in *Woodbury*, the Court concludes that Rule 11 sanctions are not warranted because there was some plausible basis, albeit a weak one, for the argument Plaintiffs advanced (i.e., that the underlying issue of personal jurisdiction was a pure, controlling question of law). See *Johnson v. Sung Kyun Park*, No. 11-1337, 2012 WL 2116229, at *3 (E.D. Cal. June 4, 2012) (noting that the Ninth Circuit has reversed an award of Rule 11 sanctions where "'[c]ounsel . . . had some plausible basis, albeit quite a weak one' for the argument advanced" (quoting *R&D Latex*, 242 F.3d at 1117)).

**B. Element Two: Substantial Ground for Difference of Opinion**

In their motion to certify, Plaintiffs also argued that the district judge's May 8, 2017 Order met the second statutory requirement because there were substantial grounds for a difference of opinion. (Pls.' Mot. Certify at 2.) As support for their assertion, Plaintiffs argued that (1) "a transfer order that bases its finding the transferee district is one where the action might have been brought on a defendant's waiver of objections to personal jurisdiction are invalid, depriving the transferee court of subject matter jurisdiction and the ability to adjudicate the action," and (2) "the party moving for transfer has the burden of establishing the plaintiff's 'unqualified right' to bring the action in the transferee district, and must show the defendants are 'doing business' in the transferee district to establish personal jurisdiction over the defendants." (Pls.' Mot. Certify at 2.)

Plaintiffs relied in large part on *Funnelcap Inc. v. Orion Indus., Inc.*, 392 F. Supp. 938 (D. Del. 1975). In that case, the defendant, a Delaware corporation, moved to transfer the plaintiff's patent infringement action to the Central District of California, pursuant to 28 U.S.C. §

PAGE 8 – FINDINGS AND RECOMMENDATION

1404(a). *Id.* at 940. The court held that the case could not "be transferred to the Central District of California because the defendant failed to carry its burden of demonstrating that this action 'might have been brought' in that district." *Id.* at 943.

In opposing the motion to certify, the Samaritan Defendants argued that Plaintiffs misunderstood the relevant inquiry:

> Before determining whether 'substantial ground for difference of opinion' exists here, first the Court must identify the question at issue. Here, the California Court issued an order transferring this case to this Court pursuant to 28 U.S.C. § 1404(a). Plaintiffs did *not* seek certification to allow them to seek an interlocutory appeal of that order. Thus, the question is *not* whether there is substantial ground for difference of opinion as to whether the case should have been transferred originally.
>
> Instead, Plaintiffs filed a motion to re[transfer] the case to California. This Court issued an order denying that motion. Plaintiffs now seek certification of that order. Accordingly, the question now before the Court is whether there is substantial ground for difference of opinion as to whether the case should have been re[transferred] to California. The Court should recall at the outset, however, that motions to remand through a retransfer of venue are highly disfavored. Thus, remand is appropriate only if the original transfer decision as 'manifestly erroneous' and 'clearly wrong.'

(Defs.' Opp'n at 5) (citations omitted).

Ultimately, the undersigned agreed with the Samaritan Defendants that the relevant inquiry was whether the Central District of California was "clearly wrong" to transfer this case to the District of Oregon, and that there was not a substantial ground for difference of opinion on that issue. From this Court's perspective, however, Plaintiffs' misunderstanding of the relevant inquiry amounted to a misunderstanding of the law, and "[m]isunderstanding the law . . . is not an appropriate basis for sanctions." *Monroe v. Geo Group, Inc.*, No. 14-3140, 2017 WL 3973942, at *8 (S.D.N.Y. Sept. 7, 2017); *Salvini v. ADVFN PLC*, No. 13-7082, 2016 WL 1703414, at *4 (S.D.N.Y. Apr. 27, 2016) (same); *Classic Design, Inc. v. Castrol Indus. N. Am.,*

PAGE 9 – FINDINGS AND RECOMMENDATION

*Inc.*, 58 F. Supp. 2d 313, 315 (S.D.N.Y. 1999) (declining to award Rule 11 sanctions where the court viewed the plaintiff's actions "as more nearly reflecting a misunderstanding of the law"). Accordingly, the Court recommends that the district judge deny the Samaritan Defendants' motion for sanctions on this ground.[3]

### C. Plaintiffs' Request for Sanctions

Plaintiffs argue that the Samaritan Defendants' motion for sanctions violates FED. R. CIV. P. 11(b), because (1) in *Woodbury*, the Ninth Circuit held that 28 U.S.C. § 1292(b) "may be used to appeal interlocutory orders granting transfer where it is claimed the transferee court lacks jurisdiction because it goes to the fundamental ability of the court to render a binding decision," which was "the basis" of Plaintiffs' motion to certify, (2) "no competent attorney could believe" the motion to certify violated FED. R. CIV. P. 11(b), and (3) the motion for sanctions "was clearly brought for an improper purpose." (Pls.' Opp'n at 12.) Accordingly, Plaintiffs "seek the reasonable expenses, including attorney's fees, incurred in defending" against the motion. (Pls.' Opp'n at 12.)

The Court recommends that the district judge deny Plaintiffs' request for sanctions for two reasons. First, nothing in the record reasonably supports a finding that the Samaritan Defendants' motion for sanctions was brought for an improper purpose. Second, Plaintiffs have not demonstrated that "no competent attorney could believe" that Plaintiffs' motion to certify violated FED. R. CIV. P. 11(b). Rather, it is a close call. As discussed above, a nuanced inquiry was necessary to determine whether certification was appropriate (i.e., one that focused on whether there were factual disputes on the issue of personal jurisdiction). Plaintiffs point to

---

[3] Plaintiffs argue that the motion for sanctions should also be denied because it is "materially different" than the version "served upon counsel for Plaintiffs." (Pls.' Opp'n at 3.) The Court need not address this argument because the motion for sanctions should be denied on its merits.

*Woodbury* as the hook for interlocutory review, but the Court could not resolve certification based on the *Woodbury* holding alone. *See Marshall v. City of Portland*, No. 01-1014-ST, 2004 WL 1774532, at *2 (D. Or. Aug. 9, 2004) (noting that an order "is not appropriate for certification" if it "would necessarily present a mixed question of law and fact, not a controlling issue of pure law") (citation omitted). The Court finds that no award of sanctions is appropriate at this time.

### D. Moving Forward

The Court reminds counsel of their obligation to be courteous in their dealings with each other. *See* LR 83-8(a) ("Counsel must cooperate with each other, consistent with the interests of their clients, in all phases of the litigation process and be courteous in their dealings with each other[.]"); *cf.* Defs.' Mot. at 2-3 (noting that Plaintiffs' lead counsel is related to Dr. Natkin and has "filed way too many pages of useless briefing in this case, which has caused not only delay, but significant, unnecessary expense for all of the Defendants"); Pls.' Opp'n at 3 (asserting that the Samaritan Defendants' counsel lodged "an *ad hominem* attack against one of Plaintiffs' counsel for having the audacity to be related to one of the Plaintiffs and for having a view of the case that is different"). Indeed, the District of Oregon prides itself on maintaining the highest levels of professionalism.

The Court also reminds counsel of their obligation meaningfully to confer before filing a motion, and not to exceed page limitations without the Court's approval. *See* LR 7-1(a)(3) ("The Court may deny any motion that fails to meet [the] certification requirement."); LR 7-2(b)(1) ("Without prior Court approval, memoranda (including objections to a Findings and Recommendation of a Magistrate Judge and responses to such objections) may not exceed 11,000 words, or in the alternative, 35 pages."); *see also* Defs.' Opp'n Mot. Certify at 2 (indicating that Plaintiffs' counsel failed to confer before filing a motion); ECF Nos. 97, 115-16

PAGE 11 – FINDINGS AND RECOMMENDATION

(incorporating 58 pages of briefing by reference in a 4-page opposition brief, and later filing a 91-page objection to an F&R before amending the filing).

## CONCLUSION

For the foregoing reasons, the Court recommends that the district judge deny the Samaritan Defendants' motion for sanctions (ECF No. 121), as well as Plaintiffs' request for sanctions.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due in fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after the objections are filed. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 13th day of December, 2017.

STACIE F. BECKERMAN
United States Magistrate Judge