IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DR. ERIK NATKIN, DO PC, a Utah corporation; and DR. ERIK NATKIN, DO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN OSTEOPATHIC ASSOCIATION, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-01494-SB<br><br>**OPINION AND ORDER** |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on plaintiffs Dr. Erik Natkin ("Dr. Natkin") and Dr. Erik Natkin, DO PC's (together, "Plaintiffs") motion to compel defendant American Osteopathic Association ("AOA") to produce documents responsive to Plaintiffs' First Set of Production of Documents. (ECF No. 214.) For the reasons discussed below, the Court grants in part, and denies in part, Plaintiffs' motion to compel.

## BACKGROUND

Dr. Natkin was an orthopedic surgery resident at Good Samaritan Hospital in Corvallis ("Good Sam") until Good Sam suspended and ultimately terminated Dr. Natkin during his fourth

PAGE 1 – OPINION AND ORDER

year of residency. (Second Am. Compl. ("SAC") ¶¶ 8, 12, 18, 20, 25.) Plaintiffs allege that Good Sam did not provide Dr. Natkin with appropriate due process protections prior to his suspension and termination. (SAC ¶¶ 27, 34, 57.)

Defendant AOA is a professional association of doctors of osteopathic medicine, including osteopathic interns, residents, fellows, and medical students. (SAC ¶ 2.) Prior to 2020, AOA also served as an accreditation body for osteopathic residency programs. (Decl. of Maura Biszewski ("Biszewski Decl.") ¶ 3, ECF No. 218.) A proposed residency program would submit an application for accreditation to AOA, and AOA would evaluate the proposed program against its accreditation standards and guidelines and then make an accreditation decision. (Biszewski Decl. ¶ 4.) Accreditation typically lasts for a five-year term, after which AOA would conduct periodic reviews. (*Id.*)

Plaintiffs' only claim against AOA that survived two rounds of pleading challenges is their breach of contract claim. (*See* Op. & Order at 24-25, ECF No. 194.) Specifically, Plaintiffs allege that AOA breached its alleged membership agreement with Dr. Natkin by (i) accrediting Good Sam's residency program despite its failure to include "the mandatory provisions for due process for disciplinary action against residents as required for accreditation" in the residency program's House Staff Manual or in Dr. Natkin's contract; and (ii) failing to investigate Dr. Natkin's complaint about the procedures that resulted in his termination. (SAC ¶ 112; *see also* Op. & Order at 24-25.)

Plaintiffs served requests for production on AOA requesting, as relevant to Plaintiffs' motion to compel, "[a]ny and all documents pertaining to the accreditation or operation of the residency program" (RFP No. 2) and "[e]ach and every iteration of the House Staff Manual

PAGE 2 – OPINION AND ORDER

. . . in force from the inception of the residency program through October 30, 2013, including the date from which each iteration is or was in effect" (RFP No. 3). (*See* Decl. of Benjamin Natkin ("Natkin Decl."), Ex. 1.) AOA objected on the ground that any responsive materials to these requests are contained in its accreditation file, which is protected from disclosure by the peer review privilege. (Natkin Decl., Ex. 2 at 7-8.) Following a discovery hearing, the Court authorized Plaintiffs to file the instant motion to compel. (ECF No. 213.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Courts construe Rule 26(b)(1) "broadly." *Roberts v. Legacy Meridian Park Hosp., Inc.*, 299 F.R.D. 669, 671 (D. Or. 2014). When a party fails to provide requested discovery that falls within the scope of Rule 26(b)(1), Rule 37(a)(1) allows the requesting party to "move for an order compelling disclosure or discovery." *Id.* (quoting FED. R. CIV. P. 37(a)(1)).

## DISCUSSION

### I. THE MEDICAL PEER REVIEW PRIVILEGE

#### A. Oregon's Statutory Privilege and Exception

Oregon's medical peer review privilege statute provides that "[a]ll data shall be privileged and shall not be admissible in evidence in any judicial, administrative, arbitration or mediation proceeding." OR. REV. STAT. § 41.675(3); *see also Roberts*, 299 F.R.D. at 674 ("OR. REV. STAT. § 41.675 affords broad protection to medical staff documents used or created in the peer review process."). "Data" is defined as "all oral communications or written reports to a peer review body, and all notes or records created by or at the direction of a peer review body." OR. REV. STAT. § 41.675(2).

Oregon's peer review privilege statute includes an exception, which provides that the peer review privilege "shall not apply to proceedings in which a health care practitioner contests the denial, restriction or termination of clinical privileges by a health care facility or the denial, restriction or termination of membership in a professional society or any other health care group." OR. REV. STAT. § 41.675(6).

### B.    Analysis

The Court assumes without deciding that Oregon's peer review privilege applies to protect AOA's accreditation file from disclosure. Nevertheless, the Court finds that the statutory exception to the privilege applies here because these are "proceedings in which a health care practitioner contests the denial, restriction or termination of clinical privileges by a health care facility or the denial, restriction or termination of membership in a professional society or any other health care group." OR. REV. STAT. § 41.675(6); *see also Roberts*, 299 F.R.D. at 674-75 ("The case before this Court is a 'proceeding' in which Dr. Roberts is contesting the restriction of his clinical privileges. Therefore, the broad peer review privilege of subsection (3) does not apply in this case."). Therefore, Oregon's peer review privilege does not protect AOA's accreditation file from disclosure in these proceedings.

AOA argues that the exception does not apply here because the "program's accreditation has nothing to do with Dr. Natkin's performance in the program or his termination." (AOA's Resp. at 8.) AOA overlooks Plaintiffs' claim that AOA breached its membership agreement with Dr. Natkin by accrediting the residency program without ensuring that the program provided the due process protections required for accreditation. (SAC ¶ 112.) Specifically, Plaintiffs allege in the SAC that AOA breached Dr. Natkin's membership agreement by accrediting Good Sam's residency program despite the program's failure to include in the residency program's House Staff Manual, or later in Dr. Natkin's contract, "the mandatory provisions for due process for

PAGE 4 – OPINION AND ORDER

disciplinary action against residents as required for accreditation."[1] (*Id.*) Thus, whether Good Sam provided its House Staff Manual or Dr. Natkin's contract to AOA in connection with the accreditation process is relevant to Plaintiffs' claims that AOA accredited the program with knowledge that neither its House Staff Manual nor its resident contracts included the mandatory due process protections for disciplinary actions against residents.

However, although the statutory exception to the peer review privilege opens the door to discover AOA's accreditation file, the only discoverable materials in AOA's accreditation file are those that are relevant and proportional to the needs of this case. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"). As the court held in *Roberts*, even if the exception to the peer review privilege applies, any discovery request for privileged materials is still subject to other objections, such as relevance and burden. *See Roberts*, 299 F.R.D. at 675.

The Court finds that Plaintiffs' second request for production, i.e., their request that AOA produce "[a]ny and all documents pertaining to the accreditation or operation of the residency program," is overbroad and not proportional to the needs of this case. Plaintiffs claim that AOA accredited the program without sufficient due process protections in place for disciplinary actions against residents. Therefore, with respect to Plaintiffs' requests for production at issue here, the Court compels AOA to produce only: (i) House Staff Manuals in its accreditation file from the inception of the residency program through October 30, 2013; and (ii) any copies of Dr.

---

[1] Plaintiffs also allege that AOA breached Dr. Natkin's membership agreement by failing to investigate Dr. Natkin's complaint about the procedures that resulted in his termination (SAC ¶ 112), but those allegations are not relevant to AOA's accreditation of Good Sam's residency program, which predated Dr. Natkin's termination.

PAGE 5 – OPINION AND ORDER

Natkin's contract with Good Sam in the accreditation file. Although Plaintiffs could likely obtain the same materials from Good Sam itself, the presence and versions of these documents in AOA's accreditation file are relevant to Plaintiffs' claim that AOA accredited the program with knowledge that these materials did not contain required due process protections for residents.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to compel (ECF No. 214), and compels AOA to produce the above-referenced documents to Plaintiffs within fourteen days.

DATED this 24th day of February, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] The Court assumes without deciding that Oregon's peer review privilege applies, but the Court's analysis would be the same if Illinois' peer review privilege, and its similar statutory exception, applied here. *See* 735 ILCS 5/8-2101 (providing for a peer review privilege "except that in any health maintenance organization proceeding to decide upon a physician's services or any hospital or ambulatory surgical treatment center proceeding to decide upon a physician's staff privileges, *or in any judicial review of either*, the claim of confidentiality shall not be invoked to deny such physician access to or use of data upon which such a decision was based") (emphasis added).

PAGE 6 – OPINION AND ORDER