IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DR. ERIK NATKIN, DO PC**, a Utah corporation; and **DR. ERIK NATKIN, DO**, an individual,<br><br>        Plaintiffs,<br><br>        v.<br><br>**AMERICAN OSTEOPATHIC ASSOCIATION**, *et al.*,<br><br>        Defendants. | Case No. 3:16-cv-1494-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued an Opinion and Order in this case on February 24, 2021 (ECF 223). Judge Beckerman granted in part and denied in part Plaintiffs' motion to compel (ECF 214). Plaintiffs filed timely objections (ECF 224), and Defendant American Osteopathic Association (AOA) filed a timely response (ECF 226).

The Federal Magistrates Act grants district courts the authority to delegate certain matters to magistrate judges. *See* 28 U.S.C. § 636(b)(1). In civil actions, a district court may designate a magistrate judge to determine any pretrial matter, except motions for injunctive relief, for judgment on the pleadings, for summary judgment, to permit or deny maintenance of a class

PAGE 1 – ORDER

action, to dismiss for failure to state a claim, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). For any of these excluded motions, a district judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B).

Rule 72 of the Federal Rules of Civil procedure implements the authority provided by the Federal Magistrates Act. Under Rule 72(a), a magistrate judge may "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1168 (9th Cir. 2015) (explaining that "magistrate judges may hear and determine nondispositive matters, but not dispositive matters"). For pretrial matters referred to a magistrate judge that are dispositive of a claim or defense, without consent by all parties, Rule 72(b) allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1).

The distinction between a dispositive motion and a nondispositive matter is significant for the standard of review. When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a *de novo* determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). When a party timely objects to a magistrate judge's determination of a nondispositive matter, however, the district judge may reject that determination only when it has been shown that the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court "will evaluate the Magistrate Judge's factual findings to determine if any are clearly erroneous" and "will evaluate the Magistrate Judge's legal conclusions to determine if any are contrary to law, which involves a *de*

PAGE 2 – ORDER

*novo* review of those issues." *Quatama Park Townhomes Owners Ass'n v. RBC Real Est. Fin., Inc.*, 365 F. Supp. 3d 1129, 1133 (D. Or. 2019); *see also id.* at 1141-42.

The Court concludes that Judge Beckerman's factual findings are not clearly erroneous and, after *de novo* review, Judge Beckerman's legal conclusions are not contrary to law. Accordingly, the Court OVERRULES Plaintiff's objections and AFFIRMS Judge Beckerman's nondispositive Opinion and Order (ECF 223). The Court grants in part and denies in part Plaintiffs' motion to compel (ECF 214) as stated in Judge Beckerman's Opinion and Order.

**IT IS SO ORDERED.**

DATED this 25th day of March, 2021.

*/s/ Michael H. Simon*
Michael H. Simon
United States District Judge